1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   UNITED STATES OF AMERICA,

8                              Plaintiff,          NO:  CR-12-2001-RMP

9          v.                                       ORDER DENYING DEFENDANTS'
                                                    MOTION TO SEVER
10  SALVADOR PULIDO VALENCIA,
    and VICTOR HUGO SANTA CRUZ
11  BARRIGA,

12                              Defendants.

13

14         This matter comes before the Court on reconsideration of Defendants'

15  motion to sever, ECF No. 69.  Mr. Barriga contends that introduction of his co-

16  defendant's statements at trial would violate his rights under the Confrontation

17  Clause.  Mr. Barriga proposes severance of the co-defendants' trials or suppression

18  of Mr. Valencia's statements in their entirety.  ECF No. 69.

19         The Court initially entered an Order granting the motion to sever, ECF No.

20  138, but later granted the Government's motion for reconsideration after the

ORDER DENYING DEFENDANTS' MOTION TO SEVER ~ 1

Government filed redacted versions of the statements at issue that it argued could cure any *Bruton* issues.  ECF No. 143.  The Court directed the parties to file briefs regarding whether the Government's submission of the proposed redactions eliminated the need for separate trials.  ECF No. 143.  No party filed any further briefing on the matter.

In *Bruton v. United States*, the Supreme Court held that a defendant's rights under the Confrontation Clause are violated when a non-testifying co-defendant's confession naming the defendant as a participant is introduced at their joint trial, even where the court issued a limiting instruction directing the jury to disregard the co-defendant's confession when considering the defendant's guilt. 391 U.S. 123 (1968).

The Court subsequently narrowed the scope of *Bruton* in *Richardson v. Marsh*. 481 U.S. 200 (1987).  In *Marsh*, the Court held that a defendant's Confrontation Clause rights are not violated by the introduction of a non-testifying co-defendant's confession when the confession was redacted to eliminate any reference to the defendant's existence, and the jury was given a proper limiting instruction to apply the evidence of the confession only to the co-defendant. *Id.* at 211.  The Court reasoned that such a confession, on its face, did not incriminate the defendant, but only became incriminating when linked with evidence introduced later at trial. *Id.* at 208.

ORDER DENYING DEFENDANTS' MOTION TO SEVER ~ 2

In the case of *Gray v. Maryland*, the Supreme Court held inadmissible a non-testifying co-defendant's confession that was redacted simply by replacing the defendant's name with a blank space or other obvious indication of deletion. 523 U.S. 185 (1998). The Court reasoned that obvious deletions overemphasize the alterations and point directly towards the non- confessing defendant. *Id.* at 192-95.

The *Gray* Court distinguished obvious deletions from the redactions found permissible in *Richardson*. The obvious deletions in *Marsh* encourage the jury to draw an immediate and vivid inference that the redaction refers to the co-defendant, whereas the wholesale redactions in *Richardson* only allowed the jury to draw a weaker inference based on other evidence introduced later in the trial. *Id.* at 195-96 (discussing *Richardson*, 481 U.S. at 208-09). While the tendency to draw these weaker inferences may be cured by proper limiting instructions, immediate and vivid inferences may be sufficiently damaging that a limiting instruction will have little effect on the jury. *Id.*

In this case, Mr. Barriga and Mr. Valencia were apparently the only persons present at the unloading of the truck, the time period when their respective statements tend to incriminate their co-defendant. Thus, any mention of the presence of another person could only refer to the respective co-defendant. In light of the inevitable conclusion that any mention of another person is inculpatory to the co-defendant, the Court finds under *Bruton, Richardson, and Gray* that all

ORDER DENYING DEFENDANTS' MOTION TO SEVER ~ 3

references to the respective co-defendant's existence must be redacted from Mr.

Barriga's and Mr. Valencia's statements, and any reference to the existence of any

other person must be redacted from the sections of those statements pertaining to

the unloading of the truck.

The Government has offered redactions and edits to cure obvious *Bruton*

issues.  For example, the Government proposed changing a sentence in Mr.

Valencia's statement to remove reference to any person assisting Mr. Valencia in

unloading the truck box.  While this edit cures any *Bruton* problem as to Mr.

Barriga, it renders the statement misleading as to Mr. Valencia's conduct.  The

Court rejects the Government's edited statement under Fed. R. Evid. 403, because

the probative value of the statement as altered by the Government would be

substantially outweighed by the dangers of unfair prejudice and misleading the jury

as to Mr. Valencia's culpability.

However, the Court accepts the Government's proposed redactions in ECF

No. 142 as an acceptable resolution to the *Bruton* issue, with the following

changes:

- Paragraph five of Mr. Valencia's statement, referring to his association with Mr. Barriga, must be deleted in its entirety;

- The second sentence in paragraph seven of Mr. Valencia's statement, referring to his assisting in unloading the truck box, must be deleted; and

- The final sentence of Mr. Barriga's statement must be deleted because of its reference to Mr. Valencia's nickname, Chava.

ORDER DENYING DEFENDANTS' MOTION TO SEVER ~ 4

In addition, the Court will read a limiting instruction to the jury that each defendant's statement may not be considered against his co-defendant.

Accordingly, **IT IS HEREBY ORDERED** that **ECF No. 69,** Defendant Barriga's Motion to Sever Trial is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 19th day of September 2012.


_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
Chief United States District Court Judge