UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  v.<br><br>SALVADOR PULIDO VALENCIA, and VICTOR SANTA CRUZ BARRIGA,<br><br>                Defendants. | NO:  CR-12-2001-RMP-1<br>       CR-12-2001-RMP-2<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION ON MOTION TO SUPPRESS EVIDENCE |

BEFORE THE COURT is Defendant Salvado Pulido Valencia's Motion for Reconsideration of the Court's Order denying his motion to suppress evidence, ECF No. 176.  Defendant Victor Santa Cruz Barriga joined the motion.  ECF No. 185.  The Court has considered the filings and the record, and is fully informed.

Valencia and Barriga previously filed motions to suppress the evidence arising from the search of a black truck that they had been traveling in on January 4, 2012.  ECF Nos. 85, 96, and 115.  The Court held an evidentiary hearing on the motions to suppress on July 12, 2012, in Yakima, Washington.  On July 24, 2012,

ORDER GRANTING MOTION FOR RECONSIDERATION OF MOTION TO SUPPRESS EVIDENCE ~ 1

the Court issued an Order denying Defendants' motions to suppress. ECF No. 123. Pertinent to the instant motion for reconsideration, the Court held 1) that a *Franks* hearing was not warranted regarding the alleged omission from Special Agent Leahy's search warrant affidavit of a negative dog sniff on the black truck; and 2) that the duration of the *Terry* stop of the black truck was reasonable. ECF No. 123.

Valencia's counsel requested a copy of the Coban video from the traffic stop, but did not receive the video prior to the suppression hearing. ECF No. 177-1. Valencia's counsel received the video after the Court issued its suppression Order, and Valencia has now filed a motion for reconsideration based upon the contents of the video. ECF No. 176.

Valencia contends that the video demonstrates that there were three negative dog sniffs and that these negative dog sniffs occurred approximately seventeen minutes after the stop and while officers on the scene were still relaying information to Special Agent Leahy. Officer Lee had previously testified that the dog sniff had occurred approximately forty-five minutes to one hour after the initial stop, and did not state that there were three negative sniffs. ECF No. 123, at 7-8. Special Agent Leahy testified that he was unaware that a dog sniff had occurred and speculated that it may have been conducted after the search warrant affidavit had been drafted. ECF No. 123, at 8-9. The Court placed weight on these

1  segments of Officer Lee's and Special Agent Leahy's testimony in determining

2  that a *Franks* hearing was not warranted. ECF No. 123, at 14-15.

3  Motions for reconsideration should not be granted unless the Court is

4  presented with newly discovered evidence, the Court committed clear error, or

5  there is an intervening change in the controlling law. *E.g.*, *Herbst v. Cook*, 260

6  F.3d 1039, 1044 (9th Cir. 2001).

7  The Court concludes that there is good cause to grant reconsideration and

8  Order a further evidentiary hearing on the motion to suppress. At the evidentiary

9  hearing, the parties should focus on the impact of the three negative dog sniff

10  searches as they relate to probable cause for issuance of the search warrant.

11  Accordingly, **IT IS HEREBY ORDERED**:

12  1.  Defendant Valencia's motion for reconsideration, **ECF No. 176**, is

13  **GRANTED**.

14  2.  An evidentiary hearing is set for **January 17, 2013**, at **9:00 a.m.,** in

15  **Yakima**, Washington.

16  The District Court Clerk is directed to file this Order and provide copies to

17  counsel.

18  **DATED** this 3rd day of January 2013.

19                  *s/ Rosanna Malouf Peterson*
              ROSANNA MALOUF PETERSON
20             Chief United States District Court Judge

ORDER GRANTING MOTION FOR RECONSIDERATION OF MOTION TO SUPPRESS EVIDENCE ~ 3